**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFONSO MOUZON, | No. 14-16261 |
| Plaintiff - Appellant, | D.C. No. 1:13-cv-00143-GSA |
| v. | |
| PAM AHLIN, Ex-Executive Director of Coalinga State Hospital; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding**

Submitted April 7, 2015***

Before: FISHER, TALLMAN, and NGUYEN, Circuit Judges.

California civil detainee Alfonso Mouzon appeals pro se from the district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* Mouzon consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

\*\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's judgment in his 42 U.S.C. § 1983 action challenging his civil confinement under California's Sexually Violent Predators Act ("SVPA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138 (9th Cir. 2005). We may affirm on any basis supported by the record. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1121 (9th Cir. 2013). We affirm.

The district properly dismissed Mouzon's claim for prospective injunctive relief because he failed to allege facts sufficient to show that the SVPA's post-commitment procedures deprived him of due process. *See Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993) (setting forth elements of a § 1983 procedural due process claim); *see also* Cal. Welf. & Inst. Code § 6608(a) ("A person who has been committed as a sexually violent predator shall be permitted to petition the court for conditional release with or without the recommendation or concurrence of the Director of State Hospitals.").

Dismissal of Mouzon's claims for damages and declaratory relief was proper because a judgment in Mouzon's favor would necessarily imply the invalidity of his SVPA civil commitment. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (§ 1983 claims that necessarily challenge the fact or duration of confinement are barred unless the conviction or sentence has been invalidated); *Huftile*, 410 F.3d at

1139-41, 1142 (applying *Heck* to civilly committed sex offenders and noting that a dismissal under *Heck* is without prejudice).

We do not consider Mouzon's ex post facto argument because it was not properly raised below. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

14-16261